USCA1 Opinion

 

 October 10, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1035  UNITED STATES, Appellee, v. HENRY CIFUENTES-RIASCOS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges.  ______________ ____________________ Benico Sanchez Rivera, Federal Public Defender, and Miguel A.A. ______________________ ____________ Nogueras-Castro, Assistant Federal Public Defender, on brief for _______________ appellant. Guillermo Gil, United States Attorney, Warren Vazquez and Nelson _____________ ______________ ______ Perez-Sosa, Assistant United States Attorneys, and Jose A. Quiles __________ _______________ Espinosa, Senior Litigation Counsel, on brief for appellee. ________ ____________________ ____________________ Per Curiam. Defendant was convicted of unlawful __________ re-entry by a deported alien in violation of 8 U.S.C.  1326(b)(2). He was sentenced to 100 months imprisonment and fined $500. On appeal he argues for the first time that the district court erred in imposing the fine where the defendant was financially unable to pay. This objection not having been made below, it is reviewed for plain error only. See ___ United States v. Peppe, 80 F.3d 19, 22 (1st Cir. 1996). ______________ _____ After careful review of the parties' briefs and the record, we find no error. The sentencing guidelines provide that a fine must be imposed within a specified range unless a defendant is unable to pay. See U.S.S.G. 5E1.2(a)(b). When a ___ sentencing court finds a defendant unable to pay the fine established by the guidelines, "the court may impose a lesser fine or waive the fine." U.S.S.G. 5E1.2(f). Here, the district court expressly found that, based on the defendant's financial condition, "the imposition of a fine within the required range is not viable," and, instead of imposing a fine within the applicable range of $10,000 to $100,000, fined the defendant $500. The court was authorized by the guidelines to do so. See U.S.S.G. 5E1.2(f). There was no ___ plain error. Cf. United States v. Rivera, 68 F.3d 5, 8 (1st ___ _____________ ______ Cir. 1995) (no plain error in imposing fine well below -2- guideline minimum where defendant lacked apparent source of funds). Affirmed. See Loc. R. 27.1. ________ ___ -3-